IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN BUILDERS & CONTRACTORS SUPPLY CO., INC. *doing business as* ABC SUPPLY CO., Inc., | ) ) ) Civil Action No. 24 cv 1527 |
| Plaintiff, | ) ) District Judge Christy Criswell Wiegand ) Magistrate Judge Maureen P. Kelly |
| v. | ) ) Re: ECF No. 24 |
| EVERGREEN ROOFING INC. *et al*, | ) ) |
| Defendants. | ) |

### CERTIFICATION PURSUANT TO 28 U.S.C. § 636(e)(6)(B) and ORDER TO SHOW CAUSE

Pending before the Court is a Motion to Hold Judgment Debtors in Contempt of Court and for an Award of Sanctions filed on behalf of Plaintiff American Builders & Contractors Supply Co., Inc. ("ABC Supply"). ECF No. 24. ABC Supply is a Delaware corporation with a principal place of business in Wisconsin. ECF No. 1 ¶ 2.

ABC Supply requests that the Court hold Evergreen Roof Inc. ("Evergreen"), a Pennsylvania corporation, and William Eric Rechter ("Rechter"), a Pennsylvania resident, (collectively, "Defendants"), in civil contempt for their violation of the Court's Order at ECF No. 21, compelling them to answer ABC Supply's discovery in aid of execution of judgment by July 14, 2024. ABC Supply requests an award of monetary sanctions in their favor and further relief as appropriate including the imposition of a daily fine and/or the issuance of a warrant to arrest Rechter for civil contempt if Defendants fail to provide full and complete responses to discovery requests within twenty days of an order granting the instant motion. Id. at 3-4.

A.      **CONTEMPT AUTHORITY PURSUANT TO 28 U.S.C. § 636**

Rule 37 of the Federal Rules of Civil Procedure provides that "[i]f a party ... fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court in which the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). These orders may include an award of reasonable attorney fees or "treating as contempt of court the failure to obey any order." See Fed. R. Civ. P 37(b)(2)(A)(vii).

> To show civil contempt, the movant must establish by clear and convincing evidence that: "(1) [ ] a valid court order existed; (2) [ ] the defendants had knowledge of the order; and (3) [ ] the defendants disobeyed the order." Roe v. Operation Rescue, 919 F.2d 857, 870-71 (3d. Cir. 1990) (internal quotations omitted); John T. ex rel. Paul T. v. Del. Cty. Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003) (quoting Harris v. City of Philia., 47 F.3d 1311, 1326 (3d Cir. 1995)); see also Elec. Workers Pension Tr. Fund of Local Union #58 v. Gary's Elec. Serv. Co., 340 F.3d 373, 379 (6th Cir. 2003). "[A]ll ambiguities must be resolved in favor of the party charged with contempt." Int'l Union of Operating Eng'rs Local 825 Emple. Benefit Funds v. Arts Landscaping, No. 16-2059, 2017 WL 5260781, at *2 (D.N.J. Nov. 13, 2017) (citing Harris, 47 F.3d at 1326; Andrews v. Holloway, 256 F.R.D. 136, 141 (D.N.J. 2009))….
>
> Where civil contempt is warranted, the court "may impose a wide range of sanctions, including incarceration, fines, or a reimbursement of costs to the complainant." Shulman v. Chromatex, Inc., No. 08-0229, 2012 WL 3289006, at *3 (M.D. Pa. Aug. 10, 2012); Ne. Women's Ctr., Inc. v. McMonagle, 939 F.2d 57, 70 (3d Cir. 1991) ("a court may order a contemnor imprisoned until such time as the contemnor complies with the court's directives.")

Agri Exotic Trading, Inc. v. Patriot Fine Foods, LLC, No. 2:22-CV-4898, 2023 WL 3052732, at *2 (D.N.J. Apr. 24, 2023).

This case was initially assigned to the undersigned United States Magistrate Judge. The contempt authority of a United States Magistrate Judge is governed by 28 U.S.C. § 636(e). In a civil matter where the parties have not consented to the jurisdiction of a magistrate judge, Section 636(e)(6)(B) provides that upon commission of an act that constitutes civil contempt:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or caused to be served, upon any person whose behavior is brought into

>question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

"The Third Circuit has explained 'under the statute, the magistrate judge's certification of facts seems designed to serve [the] function of a charging instrument or pleading for a trial to be held before the district judge.'" Edmonds v. SE. Pennsylvania Transp. Auth., No. 20-CV-658, 2022 WL 3099767, at *2 (E.D. Pa. Aug. 4, 2022) (citation modified) (quoting Wallace v. Kmart Corp., 687 F.3d 86, 90 (3d Cir. 2012), in turn, quoting Taberer v. Armstrong World Indus., Inc., 954 F.2d 888, 903 (3d Cir. 1992)). Once the facts are certified, "[t]he statute clearly specifies that the order to show cause shall require the alleged contemnor to appear before a judge of the district court, who hears the evidence ... and decides whether to impose punishment." Taberer, 954 F.2d at 903.

Pursuant to 28 U.S.C. § 636(e)(6)(B), this Court certifies the following facts setting forth a prima facie case of Civil Contempt and will order Defendants to appear before United States District Judge Christy Criswell Wiegand, at a date and time to be scheduled for a hearing to show cause why each Defendant should not be held in contempt and face sanctions.

**B.    CERTIFIED FACTS**

ABC Supply commenced this action on November 6, 2024, for state law claims including breach of contract, breach of personal guaranty, and unjust enrichment against Evergreen and Rechter. In the Complaint, ABC Supply alleges that Defendants owe $79,774.54 for the purchase and delivery of building materials that were accepted and not returned, late payment charges in the amount of $1,196.62 accrued through September 30, 2024, ongoing late payment charges at the

contractual rate of one and a half percent (1.5%) per month, and attorneys' fees, costs, and disbursements incurred in connection with the prosecution of this litigation to recover sums due. ECF No. 1 ¶¶ 10-25.

ABC Supply alleges that Evergreen and Rechter agreed to the General Terms and Conditions of the American Builders and Contractors Supply Co., Inc. Credit Agreement ("Credit Agreement"), including a personal guaranty given by Rechter.

As reflected in the Declaration filed by Counsel relative to service, on November 29, 2024, a Summons and the Complaint were personally served on Defendants. ECF No. 29 ¶¶ 3-5. Defendants failed to enter an appearance or respond to the Complaint. On December 23, 2024, ABC Supply requested that the Clerk of Court enter Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. ECF No. 8. The Clerk entered default against both Defendants on December 26, 2024. ECF No. 9. On January 14, 2025, ABC Supply filed a Request for Entry of a Default Judgment in a Sum Certain Against the Defendants Pursuant to Federal Rule of Civil Procedure 55(b)(1). The Clerk of Court entered Default Judgment for $88,544.39, representing the amount due including additional contractually owed late payment charges through January 13, 2025. ECF Nos. 10-2 and 11. ABC Supply filed a Praecipe for Writ of Execution on January 21, 2024. ECF No. 12. The Writ was issued by the Clerk of Court on February 24, 2024. ECF No. 13.

On January 29, 2025, ABC Supply served discovery in aid of execution in the form of interrogatories and requests for production of documents on each Defendant by certified mail, return receipt requested. ECF Nos. 18, 18-3 ¶¶ 5-6, 18-5. Defendant Rechter signed the delivery receipt, which was returned to ABC Supply. Id. Failing a response, ABC Supply again served Defendants with the discovery requests on March 6, 2025 by certified mail, return receipt requested. ECF Nos. 18-6, 18-7. Defendants failed to respond and did not claim receipt. ECF No.

4

18-3 ¶ 9. The second copy of ABC Supply's discovery requests was not returned as undeliverable. Id.

On April 8, 2025, ABC Supply filed a Motion to Compel Discovery in Aid of Execution and for an Award of Sanctions. ECF No. 18. On April 9, 2025, the Court ordered Defendants to file a response to the Motion to Compel by April 30, 2025. ECF No. 20. The Order was mailed separately to each Defendant and was not returned as undeliverable to either recipient. Defendants failed to respond as directed. In the absence of any response by Defendants, the Court granted the Motion to Compel Discovery on June 24, 2025 and ordered Defendants to respond to ABC Supply's discovery requests in aid of execution within 20 days. ECF No. 21. The Order was mailed separately to each Defendant and was not returned as undeliverable.

In the June 24, 2025 Order, the Court also required ABC Supply to provide supporting documentation related to its request for attorneys' fees incurred to present the Motion to Compel. Id. ABC Supply submitted invoices in the amount of $1,168.24. ECF No. 22. Upon review, the Court concluded that the amount requested was reasonable based on the services performed, the experience of counsel, the issues presented, and the hourly rates customarily charged by law firms in the Commonwealth of Pennsylvania and the judicial district of Western Pennsylvania. ECF No. 23. The Court granted the Motion for Sanctions on July 11, 2025. Id.

On August 7, 2025, ABC Supply filed the pending motion to hold Defendants in contempt of court and for an additional award of sanctions. ECF No. 24. ABC Supply asserts that despite this Court's Order compelling Defendants to respond to discovery requests in aid or execution of the judgment, Defendants have failed to comply. Id. ¶¶ 1-4. To date, ABC Supply has been unable to obtain satisfaction of the judgment entered in its favor and against Defendants. Thus, ABC Supply seeks an order: (i) imposing monetary sanctions against the Judgment Debtors, jointly and

severally, in the amount of $1,000 per day until they have provided full and complete answers and responses to ABC's discovery in aid of execution of judgment; (ii) awarding ABC Supply attorneys' fees and costs incurred with the prosecution of the instant motion, with an Order that Defendants pay the amount due for attorneys' fees and costs within ten days; (iii) providing that Defendants' timely failure to respond to discovery in aid of execution will subject them to an increase in the amount of the daily fine and/or a warrant for Rechter's arrest for civil contempt; and (iv) granting any other relief the Court may deem appropriate. ECF No. 24 at 3-4. Counsel's certificate of service attests that the motion was served on each Defendant by certified mail, return receipt requested. ECF No. 24-4.

The Court ordered Defendants to respond to the pending motion by January 16, 2026. ECF No. 32. The Order was mailed to each Defendant separately and has not been returned as undeliverable. Defendants failed to file a response. Thus, based on the facts certified above, the Motion to Hold Judgment Debtors in Contempt of Court and for an Award of Sanctions is ripe for consideration.

## C. ORDER TO SHOW CAUSE

For the foregoing reasons, this 21st day of January 2026, IT IS HEREBY ORDERED that Defendants Evergreen Roof Inc. and William Eric Rechter shall appear before District Judge Christy Criswell Wiegand at the date and time set by further Order of Court and show cause why the Motion to Hold Judgment Debtors in Contempt of Court and for an Award of Sanctions should not be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed 14 days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to

be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

*/s/ Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Christy Criswell Wiegand
United States District Judge

All counsel of record by Notice of Electronic Filing

Evergreen Roofing, Inc.
3941 Evergreen Drive
Monroeville, PA 15146

William Eric Rechter
3941 Evergreen Drive
Monroeville, PA 15146